**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

SKYBELL TECHNOLOGIES, INC.,

          Plaintiff,

   v.

     Case No. 1:25-cv-01105-RDA-WBP

ALARM.COM, INC.,

          Defendant.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5(C), Plaintiff SkyBell Technologies, Inc. ("SkyBell") hereby moves the Court for leave to file under seal the unredacted versions of the Reply In Support of Plaintiff's Motion to Reopen Deposition for Limited Questioning Regarding a Financial Document (the "Reply") and Exhibit A thereto. The Reply and Exhibit A thereto that SkyBell seeks to file under seal contain information that Alarm.com, Inc. ("ADC"), designated with CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY designations pursuant to the Protective Order (Dkt. No. 40) entered in this case. Specifically, SkyBell will file a publicly-available redacted version of the Reply, while concurrently filing the unredacted versions of the Reply and Exhibits A thereto under seal for the Court's review. Because ADC has designated this information confidential and its public disclosure could harm ADC, SkyBell submits that sealing is appropriate here.

## I.     DESCRIPTION OF MATERIALS SOUGHT TO BE SEALED

SkyBell seeks leave to file under seal the unredacted versions of the Reply and Exhibit A thereto.  The Reply includes quotations from a deposition transcript and information about ADC documents that have been designated CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.  Exhibit A is an excerpt of a deposition transcript that ADC has designated CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.

## II.    ARGUMENT

The general presumption that the public has a right to access documents in the files of the courts may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citation omitted).  To determine whether the interests in sealing the records outweigh the public's right of access, a court must follow a three-step process: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) articulate specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*; *see also Adams v. Object Innovation, Inc.*, No. 3:11CV272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).  All three requirements are satisfied here.

First, the public has received notice of the request to seal and will have a reasonable opportunity to object.  In accordance with Local Civil Rule 5 procedures, this sealing motion was publicly docketed, satisfying the first requirement.  ADC will have an opportunity to respond, and once the "public has had ample opportunity to object" to SkyBell's motion and "the Court has received no objections," the first *Ashcraft* requirement may be deemed satisfied.  *See GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09CV123 (JCC), 2009 WL 1248114, at *9 (E.D. Va. Apr. 30, 2009).

2

Second, SkyBell seeks to seal and to redact from the public record only information that is designated CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY. The Reply for which SkyBell seeks sealing will remain public with limited redactions only where it references information designated CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY. Exhibit A will be sealed in its entirety because ADC has designated the document CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in its entirety. This selective and narrow protection of confidential material constitutes "the least drastic method of shielding the information at issue." *Adams*, 2011 WL 7042224, at *4. There are no less drastic alternatives to sealing available to SkyBell; SkyBell seeks sealing of the unredacted versions of the Reply and Exhibit A thereto based on ADC's confidential designations. The public has no legitimate interest in information that is confidential to SkyBell, ADC, or their outside counsel. *See id.* ("[T]here is no legitimate public interest in disclosing the proprietary and confidential information of [the defendant] . . . and disclosure to the public could result in significant damage to the company.").

Third, there is support for filing the unredacted versions of the Reply and Exhibit A thereto under seal. Sealing is proper under the Court's Protective Order (Dkt. No. 40) because the information at issue is designated CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY under that order. Sealing these materials is therefore proper because "the public's interest in access is outweighed" by a party's interest in "preserving confidentiality" of limited amounts of confidential information that is "normally unavailable to the public." *Flexible Benefits Council v. Feltman*, No. 1:08CV371 (JCC), 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008).

## III.   CONCLUSION

For the foregoing reasons, SkyBell respectfully requests that the Court grant this motion and enter the accompanying proposed Order, filed concurrently herewith.

3

Dated: June 17, 2026                    Respectfully submitted,

*/s/ Roman Lifson*
Roman Lifson (VSB No.43714)
Belinda D. Jones (VSB No. 72169)
Christian & Barton, LLP
901 E. Cary Street
Suite 1800
Richmond, VA 23219
Telephone: (804) 697-4100
Fax: (804) 697-4112

Giri Pathmanaban (*pro hac vice*)
gpathmanaban@cgsh.com
Cleary Gottlieb Steen & Hamilton
1841 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 815-4100
Fax: (650) 815-4199

Thomas Yeh (*pro hac vice*)
tyeh@cgsh.com
Cleary Gottlieb Steen & Hamilton
650 California St., Suite 2400
San Francisco, California 94108
Telephone: (415) 796-4400
Fax: (415) 796-4499

Clement Naples (*pro hac vice*)
Andrew Weaver (*pro hac vice*)
Charity E. Lee (*pro hac vice*)
cnaples@cgsh.com
aweaver@cgsh.com
charitylee@cgsh.com
Cleary Gottlieb Steen & Hamilton
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Fax: (212) 225-3999

Christopher R. Kavanaugh (VSB No. 73093)
Jessica L. Joyce (*pro hac vice*)
Lucas Lonergan (*pro hac vice*)
Daniel S. Todd (*pro hac vice*)
Jordan E. Hahn (*pro hac vice*)
ckavanaugh@cgsh.com
jjoyce@cgsh.com
llonergan@cgsh.com
dtodd@cgsh.com
jhahn@cgsh.com
Cleary Gottlieb Steen & Hamilton LLP

4

2112 Pennsylvania Avenue, N.W.
Washington, DC 20037
Telephone: (202) 974-1500
Facsimile: (202) 974-1999

*Counsel for Plaintiff SkyBell Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2026, a true and correct copy of the foregoing was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

_/s/ Roman Lifson_
Roman Lifson (VSB No.43714)
Christian & Barton, LLP
901 E. Cary Street
Suite 1800
Richmond, VA 23219
Telephone: (804) 697-4100

6